OPINION
Appellant, David L. Starkweather, appeals the judgment of the Ashtabula County Court of Common Pleas imposing the maximum sentence for his rape conviction.
On August 7, 2000, appellant was charged by way of information with three counts of rape, felonies of the first degree, in violation of R.C.2907.02. On August 8, 2000, appellant waived indictment and entered a plea of guilty. The trial court accepted the plea and ordered a presentence investigation and a sexual predator evaluation. A sentencing hearing took place on December 13, 2000. Appellant was sentenced to the Lorain Correctional Institution for a definite term of ten years on each count to be served concurrently. He received credit for one hundred fifty-three days served. Appellant timely filed the instant appeal and now assigns the following as error:
 "[1.] The trial court erred when imposing the maximum possible sentence.
 "[2.] The trial court erred when it failed to consider appellant for the minimum sentence."
 Under his first assignment of error, appellant argues that the trial court erred in imposing the maximum sentence.
An appellate court will not reverse a sentence imposed by the trial court unless the appellant demonstrates that the lower court was statutorily incorrect or that it abused its discretion by failing to consider sentencing factors. State v. Jackson (Apr. 20, 2001), Lake App. No. 99-L-134, unreported, at 7, 2001 WL 409542. "The term `abuse of discretion' connotes more than an error of law or of judgment; it implies that the court's attitude is unreasonable, arbitrary or unconscionable."State v. Adams (1980), 62 Ohio St.2d 151, 157.
Pursuant to State v. Edmonson (1999), 86 Ohio St.3d 324, 328, if a trial court imposes the maximum prison term, it must, either in the colloquy or in the judgment entry, "make a finding that gives its reasons for selecting the sentence imposed ***." See, also, R.C. 2929.19(B)(2). R.C. 2929.19(B)(2)(d) provides that the sentencing court shall impose a sentence and shall make a finding that gives its reasons for selecting the sentence imposed:
 "*** If the sentence is for one offense and it imposes a prison term for the offense that is the maximum prison term allowed for that offense by division (A) of section 2929.14 of the Revised Code ***."
Furthermore, R.C. 2929.14(C) states that:
 "*** [T]he court imposing a sentence upon an offender for a felony may impose the longest prison term authorized for the offense *** only upon offenders who committed the worst forms of the offense, upon offenders who pose the greatest likelihood of committing future crimes, upon certain major drug offenders *** and upon certain repeat violent offenders ***."
 R.C. 2929.12 provides a general list of factors the trial court must consider in deciding the seriousness of the conduct or whether an offender posed the greatest risk of recidivism.
In Edmonson, 86 Ohio St.3d at 329, the Supreme Court of Ohio addressed the statutory requirements for imposing a maximum sentence and determined that "[i]n order to lawfully impose the maximum term for a single offense, the record must reflect that the trial court imposed the maximum sentence based on the offender satisfying one of the listed criteria in R.C. 2929.14(C)."
Further, our court has held that the findings mandated by R.C. 2929.12
and R.C. 2929.14 must appear in the judgment or somewhere on the record in the sentencing exercise. State v. Boles (June 25, 1999), Ashtabula App. No. 98-A-0061, unreported, 1999 WL 454562, at 4. We have also stated:
 "A sentence which repeats the language of R.C. 2929.14(E)[4] without any [indicia] of a consideration of the factors set forth would be insufficient. For a meaningful review, the record must contain some indication, by use of specific operative facts, that the court considered the statutory factors in its determination." State v. Kase (Sept. 25, 1998), Ashtabula App. No. 97-A-0083, unreported, 1998 WL 682392, at 2.[1]
 In the instant matter, when the trial court sentenced appellant it stated that:
 "This is a particularly tragic situation, particularly for this young child who has been victimized by [appellant], but *** apparently there [are] two different David Starkweathers; one of them who perhaps appears or at least is able to put on an appearance at least of somebody who does seem to want to be a helpful person to people in the community and maybe often does think of other persons ahead of himself.
 "So it's particularly shocking that you could have ever done anything like this to a child that, for all intents and purposes, was your daughter. Maybe not your biological daughter but had been raised from infancy as your daughter.
 "There's just no question about the seriousness of these offenses. It's reflected clearly by the Legislature's classification of it as one of the most serious crimes, *** it is looked upon as a particularly reprehensible thing when young children become victims of sexual assault.
 "The allegations *** are that this continued over some period of time. At least even the charges that you have admitted that you're guilty of, [the victim] was at least not older than eleven-years old ***.
"***
 "[The trial court stated that the victim's] young age [was] a very significant factor ***. She certainly did suffer psychological harm, if not a significant degree of physical harm; and because of *** a position of trust, that more so the relationship specifically that [appellant] had with her [made] this a particularly egregious situation, *** as far as [the] seriousness of the crime.
"***
 "Notwithstanding *** [that appellant did] not appear before this Court with a serious prior criminal history, *** [the trial judge concluded], based upon the information before the Court, that because of the seriousness of [the] offense and in order not to demean its seriousness, [the trial court found] that it [was] one of the worst forms of the offense ***."
 Based on the foregoing colloquy, in our view, the trial court sufficiently made a finding as to the offense being the worst form as required by R.C. 2929.14(C), and the trial court considered all of the factors in sentencing appellant. Therefore, appellant's first assignment of error is not well-founded.
For his second assignment of error, appellant claims that the trial court erred by not considering the minimum sentence for appellant.
R.C. 2929.14(B) requires a sentencing court to impose the minimum sentence for first-time imprisonment unless it specifies on the record that the shortest prison term would demean the seriousness of the conduct or would not adequately protect the public from future crime by the offender. In interpreting this requirement, the Supreme Court of Ohio has held that:
 "R.C. 2929.14(B) does not require that the trial court give its reasons for its finding that the seriousness of the offender's conduct will be demeaned or that the public will not be adequately protected from future crimes before it can lawfully impose more than the minimum authorized sentence." (Emphasis sic.) Edmonson, 86 Ohio St.3d at syllabus. See, also, State v. Lane (Dec. 22, 2000), Ashtabula App. No. 99-A-0067, unreported, 2000 WL 1876600, at 7.
 Furthermore, "the record of the sentencing hearing must reflect that the court found that either or both of the two statutorily sanctioned reasons for exceeding the minimum term warranted the longer sentence." (Emphasis added.) Edmonson at 326. In other words, a trial court "must note that it engaged in the analysis and that it varied from the minimum for at least one of the two sanctioned reasons." Id. See, also, State v. Rone (Dec. 4, 1998), Ashtabula App. No. 98-A-0001, unreported, 1998 WL 964297, at 2 (holding that the findings mandated by R.C. 2929.14
"must appear somewhere on the record of sentence, either in the judgment or in the transcript of the sentencing hearing"). A sentence which merely repeats the language contained in R.C. 2929.14(B), without any indicia of a consideration of the factors set forth in R.C. 2929.12(B) and R.C. 2929.14(B), would be insufficient. State v. Hunt (July 7, 2000), Ashtabula App. No. 99-A-0033, unreported, 2000 WL 915104, at 2.
After reviewing the record, it is apparent that the trial court did specify one of the reasons listed in R.C. 2929.14(B), in accordance withEdmonson, to support its deviation from the minimum sentence. We conclude that the trial court discussed the seriousness of appellant's conduct in deviating from the minimum sentence. Thus, appellant's second assignment of error has no merit.
We note that there were no reasons contained in the trial court's judgment entry to support a finding under R.C. 2929.14(B) and (C). Although, pursuant to the case law from our district, no reasons are required to be stated in a sentencing entry, we would recommend to the trial court that, in the future, it would be helpful if some of its analysis on the foregoing sections would be included in such entries.
For the foregoing reasons, appellant's assignments of error are not well-taken. The judgment of the Ashtabula County Court of Common Pleas is affirmed.
O'NEILL, P.J., NADER, J., concur.
[1] We note that in our Kase decision and some of its progeny, we mistakenly cite R.C. 2929.14(E)(3). However, after reviewing the Kase
opinion and R.C. 2929.14, clearly this court meant to interpret R.C.2929.14(E)(4) and inadvertently cited to R.C. 2929.14(E)(3).